No. 00-807

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 84N

IN RE THE MARRIAGE OF

KENNETH LEROY KUCHLER,

Petitioner and Respondent,

and

JULIE ANN KUCHLER,

Respondent and Appellant.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

The Honorable John W. Whelan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Daniel R. Sweeney, Attorney at Law, Butte, Montana

For Respondent:

Brian T. Atcheson, Attorney at Law, Butte, Montana

Submitted on Briefs: April 5, 2001

Decided: May 15, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Second Judicial District Court, Silver Bow County, denied a motion by Julie Ann Kuchler (Julie) to modify custody of the parties' two children and make her the children's custodial and school parent. Julie appeals. We affirm.

¶3 The issue is whether the District Court abused its discretion in refusing to consider evidence concerning past conduct of Kenneth Leroy Kuchler (Kenneth) and the potential change in parental contact which would result from Kenneth's proposed move to Sicily, Italy, thereby failing to consider the best interests of the children in evaluating Kenneth's proposed amended parenting plan.

¶4 The parties' marriage was dissolved in October of 1994. Julie originally was named as primary residential parent of their two minor children, but in 1997 the parties agreed by stipulation that Kenneth--who was then stationed with the Navy in Michigan--would become the primary residential parent. In August of 2000, Kenneth provided Julie and the District Court with notice, pursuant to § 40-4-217, MCA, that he intended to move from Michigan to Sicily, Italy, together with a proposed revised residential schedule and final parenting plan under which he would remain the custodial parent of the parties' children. In response and as allowed under § 40-4-217, MCA, Julie moved that the parenting plan be modified so that she, instead of Kenneth, would be the children's custodial parent. After a hearing at which both Julie and Kenneth testified, the District Court entered findings, conclusions, and a judgment denying Julie's motion to modify custody. Julie appeals.

¶5 We review a district court's findings relating to custody or visitation modification to determine whether those findings are clearly erroneous. *In re Marriage of Syverson*

(1997), 281 Mont. 1, 21, 931 P.2d 691, 703 (citation omitted).

¶6 A parenting plan may be amended if the court finds, in relevant part,

> upon the basis of facts that have arisen since the prior plan or that were unknown to the court at the time of entry of the prior plan, that a change has occurred in the circumstances of the child and that the amendment is necessary to serve the best interest of the child. In determining the child's best interest under this section, the court may, in addition to the criteria in 40-4-212, also consider whether:
>
> . . . .
>
> (d) one parent has willfully and consistently:
>
> (i) refused to allow the child to have any contact with the other parent; or
>
> (ii) attempted to frustrate or deny contact with the child by the other parent; or
>
> (e) one parent has changed or intends to change the child's residence in a manner that significantly affects the child's contact with the other parent.
>
> . . . .
>
> (4) The court may amend the prior parenting plan based on subsection (1)(e) to provide a new residential schedule for parental contact with the child and to apportion transportation costs between the parents.

Section 40-4-219(1) and (4), MCA.

¶7 Julie argues on appeal that this is a proper case for modification under § 40-4-219(1)(d) and (e), MCA, because Kenneth refused to allow the children to have parenting time with her and because his move to Sicily will significantly affect her parenting time. She asserts her proposed parenting plan satisfied the best interests of the children and Kenneth's did not. The District Court disagreed.

¶8 Julie's allegation that Kenneth refused to allow her parenting time had been the subject of an earlier hearing and orders in the District Court. Because the court had already heard evidence on Julie's claim that Kenneth had refused to allow her parenting time, we hold

the District Court did not err in limiting the subject matter at the hearing now at issue to the effects of Kenneth's move to Sicily. Moreover, in the findings, conclusions, and judgment at issue, the court specifically found that "[t]ransfers have not always gone well but the children have had consistent visitation with the non-school parent during the summer."

¶9 Even before Kenneth's move to Sicily, the parties were co-parenting cross-country in Michigan and Montana. In relation to the effect of Kenneth's move on Julie's parenting time, the court specifically found, "[t]he children, living in Sicily, will be able to have nearly as regular and continued contact with [Julie] as they had while living in Michigan." Substantial evidence supports that finding and it is not otherwise clearly erroneous.

¶10 Finally, Julie contends the above alleged failures by the District Court, when considered along with what she claims was its refusal to consider evidence on conditions in Sicily, amount to a refusal to consider the best interests of the children. We concluded above that the District Court did not err with regard to either considering additional evidence on Kenneth's frustration or denial of Julie's parenting time or the effect of Kenneth's proposed move on Julie's parenting time. In regard to conditions in Sicily, Julie's counsel asked Kenneth on cross-examination about Mafia activity and instability there. After Kenneth testified he "d[id]n't know for sure" about those matters, the court sustained an objection to further questioning on the subject. Julie has established no error therein, nor did she offer any other evidence on Mafia activity and instability in Sicily which might have adversely affected the children's best interests.

¶11 The court made several specific findings as to the children's best interests and specifically concluded it was in their best interest that the custodial and school parent not be changed at this time. We hold that the District Court's actions did not amount to a refusal to consider the children's best interests.

¶12 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ JIM REGNIER